The Honorable J. Richard Creatura

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY MESMER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware corporation, CHARTER COMMUNICATIONS LLC, a Delaware Limited Liability Company; and CHARTER COMMUNICATIONS HOLDING COMPANY LLC, a Delaware Limited Liability Company,<br><br>Defendants. | No. 3:14-cv-05915-JRC<br><br>**MOTION OF DEFENDANTS CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC, AND CHARTER COMMUNICATIONS HOLDING COMPANY, LLC TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(B)(6)**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 19, 2014** |

## I. <u>INTRODUCTION</u>

In his Complaint, Plaintiff Gary Mesmer ("Plaintiff") has asserted seven employment-related claims against Defendants Charter Communications, Inc., Charter Communications, LLC, and Charter Communications Holding Company LLC (collectively, the "Defendants"), including claims that Defendants allegedly interfered with his right to take protected leave, discriminated against him on the basis of his disability, and retaliated against him for reporting sexual harassment by a co-worker.

Defendants move to dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted. Plaintiff's claims under the federal Family Medical

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 1

77660635.1 0080091-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Leave Act ("FMLA") are barred by the applicable two-year statute of limitations because Plaintiff filed his Complaint more than two years after his employment termination and because he has not alleged facts that show a "willful" violation of the FMLA which would extend the limitations period to three years.  Even if not time-barred, Plaintiff's FMLA interference claim fails because Plaintiff has not pled facts establishing that he was entitled to FMLA-protected leave.  As for Plaintiff's FMLA retaliation claim, Plaintiff has pled no facts showing that Defendants retaliated against him for opposing an unlawful practice under the FMLA.  For these same reasons, Plaintiff's claims under the Washington Family Leave Act ("WFLA") fail.

Plaintiff also has failed to state viable claims for disability discrimination, failure to accommodate, and retaliation under the Washington Law Against Discrimination ("WLAD"). Specifically, on his failure to accommodate claim, Plaintiff has alleged no facts showing that he had an impairment that substantially limited his ability to perform his job, what those substantial limitations were, or that he was qualified to perform the essential functions of his job.  Plaintiff's disability discrimination claim fails because Plaintiff has not pled facts showing that he was doing satisfactory work or that upon his employment termination that he was replaced by a non-disabled person.  Plaintiff's seventh cause of action for retaliation fails because Plaintiff has not pled facts sufficient to show that he engaged in statutorily protected activity or that there was a connection between this activity and his employment termination.

For these reasons, and those advanced below, Plaintiff's Complaint in its entirety should be dismissed against the Defendants.

## II.   FACTUAL ALLEGATIONS

Plaintiff alleges that Defendants or one of them employed him as a Correspondence Coordinator from October 2005 to December 9, 2011.[1]  Compl., ¶¶ 4-5, 28.  During his

---

[1] Plaintiff at one point alleges that he was employed with Defendants or one of them through December 2013. *See* Compl., ¶ 4. However, based on other allegations in the Complaint, it is clear that 2011 was the year of Plaintiff's employment termination, not 2013. *See* Compl., ¶¶ 18-29.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 2

77660635.1 0080091-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

employment, Plaintiff claims to have suffered from Post Traumatic Stress Disorder ("PTSD"), anxiety, and depression. *Id.*, ¶¶ 10-11.

At an unspecified point during his employment, plaintiff claims that a male co-worker assigned to a desk near Plaintiff made "numerous unwanted sexual advances" toward Plaintiff. *Id.*, ¶ 12. At an unspecified time., Plaintiff allegedly reported this unwanted behavior to an unnamed supervisor, explained that this behavior was causing him anxiety and exacerbating his disability, and requested that he be assigned to a different work station. *Id.*, ¶¶ 13-15. Plaintiff claims that this unnamed supervisor denied his work station change request even though other employees who had made similar requests had had their requests granted. *Id.*, ¶¶ 16-17.

Plaintiff alleges that the supervisor at the end of his employment with Defendants was April Moudy. *Id.*, ¶ 9. On November 30, 2011, Ms. Moudy allegedly told Plaintiff that she was "tired of walking on eggshells around him because of his disability." *Id.*, ¶ 18. On December 2, 2011, Plaintiff allegedly had a conversation with Lola Bozavich during which he told Ms. Bozavich that he was unhappy with how Ms. Moudy was treating him, that Ms. Moudy had denied a request he had made for a reasonable accommodation, and that he wanted to lodge a formal complaint against her. *Id.*, ¶¶ 19-20. During this same conversation, Plaintiff also allegedly told Ms. Bozavich that he had PTSD and intended to seek FMLA leave "immediately." *Id.*, ¶ 21. On that same day, Plaintiff allegedly contacted the Human Resources ("HR") Department and requested the paperwork to request a medical leave. *Id.*, ¶ 22. The HR representative purportedly directed Plaintiff to Defendants' internal website to obtain the necessary forms, but Plaintiff could not access the website because his shift had ended. *Id.*, ¶ 22. Due to time constraints, Plaintiff was unable to access the website on his next scheduled shift either. *Id.*

On December 5, 2011, while at work, Plaintiff claims to have suffered severe anxiety symptoms, including rapid breathing and rapid heartbeat, which required him to take numerous emergency breaks throughout his shift, and he alleges that he informed his supervisor of these

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 3

77660635.1 0080091-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

symptoms that same day. *Id.*, ¶¶ 23-24, 26. Plaintiff alleges that he was not provided any accommodations or leave for these symptoms. *Id.*, ¶ 25. The following day, December 6, 2011, Plaintiff allegedly informed the call center director and Ms. Bozavich that the numerous breaks he took the previous day were necessary to manage his anxiety attack, a symptom caused by his PTSD. *Id.*, ¶ 27. On December 9, 2011, Plaintiff was called to a meeting with multiple managers where he was informed that his employment was being terminated. *Id.*, ¶ 28. During that meeting, Plaintiff allegedly suffered from a severe anxiety attack. *Id.*, ¶ 29.

Plaintiff filed his Complaint nearly three years later on October 28, 2014.

### III.   ARGUMENT

**A.**   Rule 12(b)(6) Legal Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action for failure to state a claim upon which relief can be granted. A dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." A complaint's factual allegations must show that "the pleader is entitled to relief." FRCP Rule 8(a)(2). To do so requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Conclusory allegations do not establish a plausible claim. *Id.* at 555. Legal conclusions must be supported by factual allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *see also Landers v. Quality Commc'ns, Inc.*, 2014 WL 5840039, at *2 (9th Cir. Nov. 12, 2014) (same). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id*. Showing plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A court may not "supply essential allegations of the claim that were not initially pled." *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987). A court may not assume that a plaintiff can prove

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 4

77660635.1 0080091-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

facts different from those alleged.  *Assoc. Gen. Contr. of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### B. Plaintiff's First and Second Causes of Action under the FMLA Fail to State a Viable Claim.

#### 1. Plaintiff's Claims Under the FMLA Are Barred By the Applicable Two-Year Statute of Limitations.

a. Meaning of "Willful" Under the FMLA.

FMLA claims typically are subject to a two-year statute of limitations.  29 U.S.C. § 2617(c)(1); *see also Shulman v. Amazon.com, Inc.*, No. C13-247RSM, 2013 WL 2403256, at *1 (W.D. Wash. May 30, 2013).  This limitations period is extended to three years for "willful" violations of the FMLA.  *Id.*; *see also* 29 U.S.C. § 2617(c)(2) ("In the case of such action brought for a willful violation of section 2615 of the title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.").

The FMLA does not define the term "willful," and neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has spoken to the term's meaning.  For interpretative guidance, courts have looked to the Supreme Court's definition of "willful" in the context of the Fair Labor Standards Act ("FLSA").  *Shulman*, 2013 WL 2403256, at *2; *see also Bass v. Potter*, 522 F.3d 1098, 1103-04 (10th Cir. 2008); *Hoffman v. Prof'l Med. Team*, 394 F.3d 414, 417-18 (6th Cir. 2005); *Hillstrom v. Best W. TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003).

An employer acts "willfully" under the FLSA if it either intentionally or recklessly violates the Act.  *Hoffman*, 394 F.3d at 417-18; *see also Shulman*, 2013 WL 2403256, at *2 (explaining that an employer's conduct is "willful" under the FLSA if it "either knew or showed reckless disregard for the matter of which its conduct was prohibited by the statute" (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988))); *Thompson v. North Am. Terrazzo, Inc.*, No. C13-1007RAJ, 2014 WL 2048188, at *6 (W.D. Wash. May 19, 2014) ("If an employer acts unreasonably, but not recklessly, in determining its legal obligation under FLSA, its action is not willful.").  The Supreme Court in *McLaughlin* reasoned:

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 5

77660635.1 0080091-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

> In common usage the word "willful" is considered synonymous with such words as "voluntary," deliberate," and "intentional."  The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent . . . .
>
> . . . .
>
> If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . . If any employer acts unreasonably, but not recklessly, in determining its legal obligation, then . . . it should not be . . . considered [willful].'"

*McLaughlin*, 486 U.S. at 133, 135 n. 13.  "[A]n employer's general knowledge regarding a statute's potential applicability does not prove willfulness." *Bass*, 522 F.3d at 1104 (quoting *Hanger v. Lake County*, 390 F.3d 579, 584 (8th Cir. 2004)).  The same willful standard of intentionality or recklessness under the FLSA applies to FMLA claims.  *Hoffman*, 394 F.3d at 417-18; *Bass*, 522 F.3d at 1104; *Hillstrom*, 354 F.3d 27 at 33.

           b.     ***Plaintiff Has Not Pled Facts Showing "Willful" Conduct.***

Under the FMLA's two-year statute of limitations, Plaintiff's FMLA claims are barred because more than two years lapsed between Plaintiff's employment termination (December 9, 2011), and the filing of his Complaint (October 28, 2014).  The only way for Plaintiff's FMLA claims to survive is if he can establish willfulness and thus take advantage of the three-year limitations period.  Although Plaintiff conclusorily pleads that Defendants "willfully" interfered with his ability to exercise his FMLA leave (Compl., ¶ 31), he offers no facts to support this bald assertion.

Plaintiff admits that he never filled out the paperwork requesting an FMLA leave because he was too busy to do so. (Compl., ¶ 22.).  Even if he had, temporal proximity alone is not sufficient to establish a violation of the FMLA, let alone a willful one.  *See, e.g.*, *Presta v. West Customer Mgmt. Grp.*, No. CV-10-464-JPH, 2011 WL 6370355, at *5-6 (E.D. Wash. Dec. 16, 2011) (explaining that the FMLA is not a strict liability statute and that "proximity in time"

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 6

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

77660635.1 0080091-00001

between leave and termination "standing alone" is likely "insufficient" to establish a "connection between the two events").  Also, even assuming Plaintiff has pled facts showing a plausible violation of the FMLA, which he has not, this is not sufficient to establish willfulness.  *See, e.g.*, *Hanger*, 390 F.3d at 584 (finding the defendants' conduct was not a willful violation of the FMLA even though the terms of plaintiff's employment had changed upon her returning from protected leave, including no longer being the head of the human resources department and losing control of the department's budget).  Though "willfulness" can be a fact-bound inquiry inappropriate for a Rule 12(b)(6) motion to dismiss, courts do grant such motions when the plaintiff, like Mr. Mesmer, does not plead facts that would allow the court to plausibly infer that the defendant acted willfully.  *See, e.g.*, *Wright v. North American Terrazzo*, No. 2:12-CV-02065-JLR (W.D. Wash. June 10, 2013) (quoting *Vazquez v. Valley Hosp. Med. Ctr.*, No. 2:09-CV-01811-KJD, 2010 WL 3860722 (D. Nev. Sept. 27, 2010)).

Because Plaintiff has not pled the factual content necessary to show a violation of the FMLA, let alone a willful violation, the FMLA's two-year statute of limitations applies and thus Plaintiff's FMLA claims are time-barred.

### 2. **Even If Timely, Plaintiff's FMLA Claims Are Not Viable.**

Even if Plaintiff's FMLA claims are not time-barred, Plaintiff still has failed to plead a viable claim under the FMLA.  The FMLA permits two types of claims:  interference claims and retaliation claims.  *Urrutia v. BNSF Railway Corp.*, Case No. C09-215RSM, 2010 WL 4259246, at *4 (W.D. Wash. Oct. 22, 2010).  Plaintiff has alleged both in this action.  Interference claims arise when an employer "interfere[d] with, restrain[ed], or den[ied] the exercise of . . . any right" provided under the FMLA.  *Id.* (quoting 29 U.S.C. § 2615(a)(1)).  Retaliation claims arise when "the employer takes some discriminatory action in response to an employee who *opposes* a practice made unlawful by the FMLA."  *Id.* (emphasis added); *see also* U.S.C. § 2615(a)(2); *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 7

77660635.1 0080091-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

          a.      Plaintiff's FMLA Interference Claim Fails Because He Has Not Adequately Pled Entitlement to Leave or Sufficient Notice.

Plaintiff alleges that Defendants "interfered with [his] ability to exercise his FMLA leave and effectively prevented [him] from taking an FMLA leave when he needed to do so." Compl., ¶ 31. To establish a *prima facie* FMLA interference claim, Plaintiff must show that: "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011); *Crawford v. JP Morgan Chase NA*, 983 F. Supp. 2d 1264, 1270 (W.D. Wash. 2013) (same). In his Complaint, Plaintiff admits that he never filled out the paperwork requesting an FMLA leave because he was too busy to do so. (Compl., ¶ 22). He fails to allege any facts to show that Defendants did anything to interfere with his ability to take an FMLA leave.

Furthermore, Plaintiff has failed to plead facts showing that he was entitled to FMLA protected leave. An eligible employee may take leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is "an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility as defined § 825.114, or continuing treatment by a health care provider as defined § 825.115." 29 C.F.R. § 825.113(a); *see also Beem v. Providence Health & Servs.*, No. CV-10-0037-JLQ, 2011 WL 4852301, at *11 (E.D. Wash. Oct. 13, 2011).

Plaintiff alleges that he suffered from PTSD, anxiety, and depression during his employment with Defendants. Compl., ¶¶ 10-11. However, Plaintiff provides no facts to show that this alleged condition involved inpatient care or that he was receiving continuing treatment from a health care provider. Moreover, Plaintiff has not pled any facts to show that his purported PTSD made him "unable to perform the functions" of his job as a Correspondence Coordinator.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 8

Unless Plaintiff can establish that he is entitled to leave under the FMLA, he cannot maintain a claim under the Act. *See Tsun v. WDI Int'l. Inc.*, 2014 WL 5317068, at *1 (9th Cir. Oct. 20, 2014) (finding that because plaintiff did not establish that she suffered from a "serious health condition" she did not qualify for FMLA leave and so had no FMLA claim). Thus, in addition to being time-barred, Plaintiff's FMLA interference claim fails for these additional reasons.

        b.    ***Plaintiff's FMLA Retaliation Claim Fails Because He Has Not Alleged That He Opposed Any Unlawful Practice of Defendants.***

Plaintiff has not alleged any facts showing that he opposed a practice of Defendants that was unlawful under the FMLA. Instead, he alleges that Defendants interfered with his right to protected leave by terminating his employment. *See* Compl., ¶ 34. This type of allegation cannot give rise to a retaliation claim under the FMLA as a matter of law. *See Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n.7 (9th Cir. 2003) ("[W]e have clearly determined that § 2615(a)(2) applies only to employees who oppose employer practices made unlawful by FMLA, whereas, § 2615(a)(1) applies to employees who simply take FMLA leave and as a consequence are subjected to unlawful actions by the employer."); *Bachelder*, 259 F.3d at 1124 (explaining that the FMLA's retaliation provision does "not cover visiting negative consequences on an employee simply because he has used FMLA leave"); *Urrutia*, 2010 WL 4259246, at *4 ("[I]f an employee's request for leave was wrongfully denied, or an employer has in some way acted to discourage an employee from taking leave, then the employee has an interference claim and not a retaliation claim."). Accordingly, Plaintiff does not have a viable FMLA retaliation claim and so his second cause of action should be dismissed.

    **C.**    <u>**Plaintiff's Third and Fourth Causes of Action Under the Washington Family Leave Act Fail to State a Viable Claim.**</u>

Plaintiff in his third and fourth causes of actions under the Washington Family Leave Act ("WFLA") pleads the same allegations as he does with his FMLA claims. The WFLA "mirrors" the FMLA and "provides that courts are to construe its provisions in a manner consistent with

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 9

similar provisions of the FMLA." *Crawford*, 983 F. Supp. 2d 1268; *see also Washburn v. Gymboree Retail Stores, Inc.*, No. C11-822RSL, 2012 WL 3818540, at *9 (W.D. Wash. Sept. 4, 2012) ("[T]he Court's discussion of [plaintiff's] FMLA claims applies equally to the merit of her WFLA claims."); *Kopp v. Reardan/Edwall Sch. Dist.*, No. CV-07-216-LRS, 2009 WL 774122, at * 8 n.4 (E.D. Wash. Mar. 19, 2009) ("The WFLA . . . appears to be identical to the FMLA."). The Revised Code of Washington ("RCW") 49.78.410 provides:  "This chapter must be construed to the extent possible in a manner that is consistent with similar provisions, if any, of the federal family and medical leave act of 1993 (Act Feb. 5, 1993, P.L. 103-3, 107 Stat. 6), and that give consideration to the rules, precedents, and practices of the federal department of labor relevant to the federal act."

The FMLA and the WFLA use nearly identical language regarding their respective prohibitions against employers interfering with employees' exercising their rights under the acts and/or employers retaliating against employees who oppose unlawful practices under the acts. *Compare* 29 C.F.R. § 825.220(a)(1) ("An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act."), *with* RCW 49.78.300(1)(a) ("It is unlawful for any employer to . . . [i]nterfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this chapter."); *compare* 29 C.F.R. § 825.220(a)(2) ("An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act."), *with* RCW 49.78.300(1)(b) ("It is unlawful for any employer to . . . [d]ischarge or in any other manner discriminate against any individual for opposing any practice made unlawful by this chapter.").  As such, the analysis of Plaintiff's FMLA and WFLA claims are identical.

For the reasons advanced above regarding Plaintiff's FMLA claims, Plaintiff's WFLA claims similarly are not viable and should be dismissed.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 10

77660635.1 0080091-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

D. **Plaintiff's Fifth Cause of Action Under the Washington Law Against Discrimination Fails to State a Viable Claim.**

In his fifth cause of action under the WLAD, Plaintiff alleges that he was disabled, that Defendants were aware of his disability, and that Defendants failed to reasonably accommodate this disability. *See* Compl., ¶ 42-51. To establish a *prima facie* case of failure to accommodate under the WLAD, a plaintiff must show: "(1) the employee had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying substantial limitations; and (4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer and medically necessary to accommodate the abnormality." *Walsh v. Health Mgmt. Assocs., Inc.*, No. 11-cv-3125-TOR, 2012 WL 1424411, at *5 (E.D. Wash. Apr. 23, 2012) (quoting *Davis v. Microsoft Corp.*, 149 Wash. 2d 521, 532 (2003)) (emphasis omitted); *Opel v. Boeing Co.*, No. C11-1890RSM, 2012 WL 1441405, at *4 (W.D. Wash. Apr. 26, 2012) (same). Pursuant to RCW 49.60.040(7)(d), "for the purpose of qualifying for reasonable accommodation in employment," an "impairment must have a substantially limiting effect upon the individual's ability to perform his or her job." *Opel*, 2012 WL 1441405, at *4.

Plaintiff has failed to plead facts showing that he suffered from an impairment that "substantially limited" his ability to perform his job. In *Opel v. Boeing Co.*, the plaintiff alleged that the she had a Vicodin addiction and that this purported disability made her "vulnerable to a predatory employee's advances." 2012 WL 1441405, at *4. The *Opel* court ruled that this alleged impairment failed "to meet the statutory definition of an impairment requiring reasonable accommodation" because her Vicodin addiction did not have "a substantially limiting effect" on her ability to perform her job. *Id.* Similarly, here, Plaintiff is alleging that a co-worker's purported sexual advances exacerbated an underlying disability. Compl., ¶ 14. Although Plaintiff does not specify what his disability was, it seems to be his alleged PTSD. However,

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 11

77660635.1 0080091-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

Plaintiff does not plead facts showing how his PTSD had a substantially limiting effect on his ability to perform his job as a Correspondence Coordinator and therefore fails to show why his PTSD would require a reasonable accommodation.

Moreover, Plaintiff has not pled facts establishing the second element of a failure to accommodate claim—that he was qualified to perform the essential functions of his Correspondence Coordinator position. *See, e.g.*, *Walsh*, 2012 WL 1424411, at *5 ("Given that [plaintiff] has neither identified the 'essential functions' of her job as a respiratory therapist nor alleged how she remained qualified to perform those essential functions after suffering her alleged disability, she has failed to state a claim for failure accommodate . . . ."). Lastly, as to the third element of a failure to accommodate claim, Plaintiff has pled no facts showing what the "substantial limitations" of his purported disability were.

Plaintiff's fifth cause of action for failure to accommodate should be dismissed for failure to state a claim.

### E. Plaintiff's Sixth Cause of Action Under the Washington Law Against Discrimination Fails to State a Viable Claim.

In this sixth cause of action, Plaintiff alleges that Defendants terminated his employment because of his disability. Compl., ¶ 57. To establish a *prima facie* case of disability discrimination under the WLAD, a plaintiff must establish that he "(1) is in a protected class (disabled), (2) was discharged, (3) was doing satisfactory work, and (4) was replaced by someone not in the protected class." *Walsh*, 2012 WL 1424411, at *4 (E.D. Wash. Apr. 23, 2012) (quoting *Roeber v. Dowty Aerospace Yakima*, 64 P.3d 691, 696 (2003)).

In *Walsh v. Health Management Associates, Inc.*, the court found that the plaintiff's allegations that she performed "excellent work" and was "capable of performing all the essential functions of the job" were insufficient to establish a disability claim. *See Walsh*, 2012 WL 1424411, at *4. The court also found that the plaintiff's allegation that she was "replaced by employees who did not have a disability" was a "threadbare recital" of the last element of a

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 12

77660635.1 0080091-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1  disability cause of action. *Id.* Therefore, the *Walsh* court granted the defendant's motion to
2  dismiss.

3  Here, Plaintiff has not alleged any facts to show that he was doing satisfactory work or
4  that upon his employment termination that he was replaced by a non-disabled person. For these
5  reasons, Plaintiff has failed to plead a plausible disability discrimination claim and so his sixth
6  cause of action should be dismissed.

7  **F.    Plaintiff's Seventh Cause of Action for Retaliation Fails to State a Claim.**

8  In his seventh cause of action, Plaintiff alleges that Defendants terminated his
9  employment because he complained of sexual harassment by a co-worker. Compl., ¶ 64.
10 Plaintiff does not allege whether he is seeking relief under federal or state law or whether he
11 bases his claim on a statute or common law. Presuming that Plaintiff is seeking relief under the
12 WLAD, he would have to show the following to establish a *prima facie* retaliation claim: (1) he
13 engaged in statutorily protected activity; (2) Defendants took an adverse employment action
14 against him; and (3) there is a causal link between the protected activity and adverse action.
15 *Lodis v. Corbis Holdings, Inc.*, 172 Wash. App. 835, 846-47 (2013). To show that he engaged in
16 "statutorily protected activity," Plaintiff "need only prove that [his] complaints went to conduct
17 that was at least arguably a violation of the law, not that [his] opposition activity was to behavior
18 that would actually violate the law against discrimination." *Estevez v. Faculty Club of the Univ.*
19 *of Washington*, 129 Wash. App. 774, 798 (2005).

20 Here, Plaintiff has not pled facts establishing that he engaged in protected activity.
21 Plaintiff's allegations are vague as to the conduct that he believed was unlawful, describing his
22 co-worker as making "unwanted sexual advances." Plaintiff does not specify what the co-
23 worker's particular actions were, when or where the conduct occurred, or how frequently the
24 conduct occurred.

25 Also, Plaintiff has not pled facts establishing a causal nexus between his purported
26 complaint to an unnamed supervisor and his employment termination. Conspicuously absent

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 13

from Plaintiff's allegations is the name of the supervisor to whom he made his complaint, what precisely he told the supervisor, and the date that he made the complaint. Plaintiff also has not alleged that the unnamed supervisor participated in the decision to terminate Plaintiff's employment. As such, Plaintiff has not established a causal connection between his purported protected activity and his employment termination.

## IV. CONCLUSION

For the reasons stated above, the Defendants respectfully request that the Court dismiss this action in its entirety against them and with prejudice.

DATED this 24th day of November, 2014.

*s/Adam S. Belzberg*
Adam S. Belzberg, WSBA # 41022
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Tel: (206) 386-7516
Fax: (206) 386-7500
Email: adam.belzberg@stoel.com

Andrew P. Frederick
(admitted *pro hac vice)*
Melinda S. Riechert
(admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: (650) 843-4000
Fax: (650) 843-4001
Email: afrederick@morganlewis.com
Email: mriechert@morganlewis.com

*Attorneys for Defendants Charter Communications, Inc., Charter Communications LLC and Charter Communications Holding Company LLC*

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 14

77660635.1 0080091-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

**CERTIFICATE OF SERVICE**

The undersigned declares as follows: on the 24th day of November, 2014, a copy of the foregoing document was served on counsel for plaintiff, via the court's CM/ECF system, at the address set forth below.

>Marsh, Higgins, Beaty & Hatch, PC
>1112 Daniels Street
>P.O. Box 54
>Vancouver, Washington 98666
>Tel:360.695.7509

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 24th day of November, 2014.

>*s/Adam S. Belzberg*
>Adam S. Belzberg, WSBA # 41022
>STOEL RIVES LLP
>600 University Street, Suite 3600
>Seattle, WA 98101
>Tel: (206) 386-7516
>Fax: (206) 386-7500
>Email: adam.belzberg@stoel.com
>*Attorneys for Defendants Charter Communication, Inc., Charter Communications LLC and Charter Communications Holding Company LLC*

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(No. 3:14-cv-05915-JRC) - 15