HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY MESMER,

              Plaintiff,

   v.

CHARTER COMMUNICATIONS INC, et al.

             Defendants.

CASE NO. C14-5915 RBL

ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IN PART

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss [Dkt. #10]. Plaintiff Gary Mesmer worked for Defendant Charter Communications for six years as a Correspondence Coordinator. While working at Charter, he claims to have suffered from Post Traumatic Stress Disorder, anxiety, and depression, which forced him to take numerous daily breaks to manage his symptoms. Charter fired Mesmer on December 9, 2011, for reasons that remain unclear. Nearly three years later, on October 23, 2014, Mesmer filed a complaint alleging that he was terminated for discriminatory and retaliatory reasons, and for attempting to take leave for his disability. Specifically, he has asserted claims under the Family Medical Leave Act,

the Washington Family Leave Act, and the Washington Law Against Discrimination for discriminatory interference and retaliation.

Charter claims that Mesmer's FMLA causes of action are time barred. It also argues that Mesmer's FMLA and WFLA claims fail because he was not entitled to leave under those statutes. In regards to Mesmer's claims for disability discrimination, Charter argues that Mesmer failed to allege that he was completing satisfactory work and that he was replaced by a non-disabled co-worker. For the failure to accommodate claim, Charter alleges that Mesmer failed to demonstrate that his impairment substantially limited his ability to perform. Finally, for the claim of retaliation under the WLAD, Charter argues that Mesmer failed to bring forth sufficient facts to show that he engaged in a statutorily protected activity or that there was connection between that activity and his termination.

Mesmer, on the other hand, claims that he has alleged sufficient facts to support all of his claims. Regarding his FMLA claim, he contends that the *Iqbal* and *Twombly* heightened-pleading standard is narrowly applied in Ninth Circuit employment cases, and that he has alleged enough facts to show Charter's willful conduct.

## II. BACKGROUND

According to the complaint, Mesmer started working for Charter in October 2005. At some point during his employment, a male co-worker that sat near him made "numerous unwanted sexual advances." Mesmer informed his supervisor of these advances and asked to be assigned to a different workstation. He claimed that these unwanted interactions caused him anxiety and exacerbated his PTSD. Mesmer's supervisor denied his request, even though other employees' requests to change seats had been granted.

On November 30, 2011, one of Mesmer's supervisors, April Moudy, told Mesmer that she was "tired of walking on eggshells around him because of his disability." Two days later, Mesmer allegedly told Lola Bozovisch that he was not happy with how Ms. Moudy was treating him. Ms. Moudy denied one of his accommodation requests, and he wanted to launch a formal complaint. He informed Ms. Bozovisch about his PTSD and his intent to seek FMLA leave. Later that same day, Mesmer contacted Human Resources and requested the necessary paperwork to request medical leave. The HR representative directed Mesmer to Charter's internal website to obtain the necessary forms. Due to time constraints, however, Mesmer was unable to access the website.

Mesmer claims that he suffered severe anxiety symptoms during his shift on December 5, 2011. He experienced rapid breathing and increased heartbeat which forced him to take numerous breaks throughout the day. Mesmer informed his supervisor of his symptoms, but he was not provided with any form of accommodation or leave. The next day, Mesmer explained to the call-center director and to Ms. Bozovisch that he had needed numerous breaks to manage his anxiety attack, a symptom of PTSD.

Four days later, on December 9, 2011, Mesmer was called to a meeting with multiple managers and was fired. He allegedly suffered from another anxiety attack during the meeting.

On October 23, 2014, Mesmer filed a complaint in Clark County Superior Court alleging discriminatory and retaliatory termination. The case was removed to this Court, and Charter has since filed this FRCP 12(b)(6) motion to dismiss. Charter argues that the two-year statute of limitations bars Mesmer's FMLA claims and that all of his other claims are implausible.

## III. DISCUSSION

### A. FRCP 12(b)(6) Standard

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988). The purpose of the rule is to encourage decisions

on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. FMLA Claims

FMLA claims generally must be filed within two years after the last alleged violation occurs. 29 U.S.C. § 2617(c)(1); *see also Shulman v. Amazon.com, Inc*., C13-247RSM, 2013 WL 2403256 at 1 (W.D. Wash. May 30, 2013). If the violations were willful, however, claims may be filed within three years. § 2617(c)(2). Mesmer was fired from Charter Communications on December 9, 2011. He filed his complaint in Clark County Superior Court on October 23, 2014, almost eleven months after the general FMLA statute of limitations had tolled. Therefore, he has to allege willful conduct for his FMLA interference and retaliation claims to survive.

Mesmer has failed to allege facts that would allow the court to plausibly infer that Charter acted willfully. An employer acts "willfully" when he or she "either knew or showed reckless disregard for the matter of which its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988). Mesmer alleges that he told Ms. Bozovisch that he intended to seek FMLA leave, but after contacting HR and requesting the necessary paperwork, he failed to retrieve and file the necessary documents because his shift had ended and because he was busy. Charter's knowledge that Mesmer had sought information about FMLA leave prior to its decision to fire him is insufficient to establish willfulness. Such a low standard would eliminate the distinction between willful and non-willful violations. *Woida v. Genesys Reg'l Med. Ctr.,* 12-12978, 2014 WL 1017099 (E.D. Mich. Mar. 18, 2014) (quoting *Upchurch v. Mount Carmel Health Sys.,* 893 F. Supp. 2d 899, 907 (S.D. Ohio 2012)). Because Mesmer has not sufficiently alleged a willful violation, the two-year statute of limitations applies and bars Mesmer's FMLA claims. Additional facts could conceivably be added, however, so he is granted leave to amend.

### C. WFLA Interference Claim

The WFLA "mirrors" the FMLA and "provides that courts are to construe its provisions in a manner consistent with similar provisions of the FMLA." *Crawford v. JP Morgan Chase NA*, 983 F. Supp. 2d 1264, 1268 (W.D. Wash. 2013); RCW 49.78.410. A significant difference between the two acts, however, is that the WFLA allows for a three-year period of limitations. RCW 4.16.080. An FMLA interference claim is established when "the employee [shows] that: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport,* 657 F.3d 772, 778 (9th Cir. 2011).

Charter argues that Mesmer's claim fails because he has not adequately pled facts *showing* entitlement to leave or sufficient notice. Under 29 U.S.C. § 2612(a)(1)(D), an eligible employee may take leave because of a serious health condition that makes the employee unable to perform the functions of the position. A "serious health condition" entitling an employee to FMLA leave means an illness, injury, or impairment that involves inpatient care or continuing treatment by a health care provider. 29 C.F.R. § 825.113(a). Charter argues that because Mesmer hasn't alleged facts indicating the need for inpatient care, continuing treatment from a health care provider, or facts to show that his PTSD made him "unable to perform the functions" of his job as a Correspondence Coordinator, his claim should be dismissed.

While Mesmer has certainly not *proven* that he was entitled to leave or that he provided sufficient notice, that isn't the question that the court is required to answer under a 12(b)(6) motion. Under a motion to dismiss, the court simply considers whether a claim is plausible on its face. Here, Mesmer has provided the court with enough factual content to plausibly infer that Mesmer could have been eligible for WFLA leave. The very nature of PTSD makes it plausible

that Mesmer's condition requires continuing treatment. Furthermore, because Mesmer required numerous emergency breaks on December 5, 2011, it is plausible that he was temporarily unable to perform the functions of his job. In regards to sufficient notice, even though Mesmer never completed the paperwork requesting FMLA leave, his supervisor, as well as an HR representative, were aware of his intent to seek leave under the act. Therefore, based on the 12(b)(6) pleading standard, Charter's motion to dismiss Mesmer's WFLA interference claim is denied.

### D. WFLA Retaliation Claim

According to the FMLA's retaliation provision, 29 U.S.C. § 2615(a)(2), it is unlawful for Charter to discharge or discriminate against Mesmer for opposing any practice made unlawful by the FMLA. Mesmer does not allege that he opposed any of Charter's unlawful practices, so he has not sufficiently alleged an FMLA or WFLA retaliation claim with the facts provided.

In Mesmer's response, however, it appears as if he is actually trying to assert a second interference claim, arguing that he was fired because he gave notice of his intent to take leave. In that case, there may be enough content for facial plausibility, but since it is argued as a retaliation claim in the complaint, Charter's motion to dismiss is granted. Because courts are encouraged to decide cases on the merits rather than on the precision of the pleadings, Mesmer is granted leave to amend.

### E. WLAD Failure to Accommodate Claim

To establish a *prima face* case of failure to accommodate under the WLAD, a plaintiff must demonstrate that the employee (1) had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying substantial limitations; and (4) upon notice, the employer

failed to affirmatively adopt measures that were available to the employer and medically necessary to accommodate the abnormality. *Walsh v. Health Mgmt. Associates, Inc*., 11-CV-3125-TOR, 2012 WL 1424411, at 5 (E.D. Wash. Apr. 23, 2012) (quoting *Davis v. Microsoft Corp.,* 149 Wn. 2d 521, 532, 70 P.3d 126, 131 (2003)). According to RCW 49.60.040(7)(d), "for the purpose of qualifying for reasonable accommodation in employment," an "impairment must have a substantially limiting effect on the individual's ability to perform his or her job." *Opel v. Boeing Co*., No. C11-1890RSM, 2012 WL 1441405, 4 (W.D. Wn. Apr. 23, 2012).

Mesmer has failed to plead facts alleging that his PTSD had a substantially limiting effect on his ability to perform his job as a Correspondence Coordinator. Mesmer alleges that his co-worker's unwanted sexual advances were causing him anxiety and exacerbating his disability, but he fails to allege that his job performance was substantially limited as a result. Mesmer further alleges that on December 5, 2011, he was forced to take numerous breaks throughout his shift in order to manage his anxiety and symptoms, but once again, it is difficult for the court to infer that work was *substantially limited* by short breaks that only lasted one day (emphasis added). *See Becker v. Cashman,* 128 Wn. App. 79, 84-85, 114 P.3d 1210, 1213 (2005) ("Viewing the evidence in the light most favorable to [the Plaintiff], we find that the periods of shut down time that followed his exertions in walking from the parking space and climbing the stairs *somewhat* limited his ability to do his job. However, [the Plaintiff's] insistence that these shut down periods lasted only a few minutes undermines his insistence that the condition substantially limited his abilities."). As a result, the claim for failure to accommodate will also be dismissed if additional facts are not alleged in an amended complaint.

F.  **WLAD Disability Discrimination Claim**

An employee alleging disability discrimination must establish that he or she (1) is in a protected class (disabled), (2) was discharged, (3) was doing satisfactory work, and (4) was

replaced by someone not in the protected class. *Walsh*, 2012 WL 1424411 at 4 (quoting *Roeber v. Dowty Aerospace Yakima*, 116 Wn. App. 127, 135, 64 P.3d 691, 696 (2003). Ultimately, a disabled employee must prove that discriminatory intent was a "substantial factor" in the employer's decision to terminate, but in order to survive a motion to dismiss for failure to state a claim, a disabled employee need only allege facts sufficient to establish each element of the prima facie case. *Id.* (quoting *Riehl v. Foodmaker, Inc.*, 152 Wn. 2d 138, 149, 94 P.3d 930, 936 (2004)).

Here, Mesmer has failed to plead facts establishing or even hinting that he was replaced by someone not in a protected class. Nowhere in Mesmer's complaint does he provide facts about who replaced him or whether that individual has the same PTSD disability. An argument could also be made that the third element, that Mesmer was doing satisfactory work, is also unsatisfied. The court in *Walsh* found that the plaintiff's allegations that she had only received positive feedback during her sixteen years of employment and that she had no adverse employment actions during that same time span were insufficient to satisfy the element. This court could easily make the same determination, as Mesmer's only fact satisfying this element is his length of employment.

Direct evidence of discrimination, though, does affect the court's analysis. Direct evidence is "evidence, which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Dominguez-Curry v. Nevada Transp. Dep't,* 424 F.3d 1027, 1038 (9th Cir. 2005) (quoting *Godwin v. Hunt Wesson, Inc*., 150 F.3d 1217, 1221 (9th Cir. 1998), as amended (Aug. 11, 1998)). Direct evidence typically consists of clearly sexist, racist, or similarly discriminatory statements or actions by the employer. *Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1095 (9th Cir. 2005).

In the case at hand, Mesmer alleges direct evidence of disability discrimination when he alleges "April Moudy informed plaintiff that she was tired of walking on eggshells around him because of his disability." Given Moudy's supervisory position, her possible influence on other managers, the granting of other employees' requests for different work stations, and the short time span between Moudy's comment and Mesmer's firing, Mesmer has sufficiently alleged enough facts for the court to infer discrimination under the WLAD. Therefore, Charter's motion to dismiss Mesmer's claim of disability discrimination is denied.

### G. WLAD Retaliation Claim

Mesmer appears to contend that he has asserted a sexual harassment claim in his response to Charter's motion, but the original complaint only asserts a retaliation claim. Therefore, this court will only address the cause of action raised in the complaint.

To establish a prima facie case of retaliation under the WLAD, Mesmer must show that (1) he engaged in statutorily protected activity; (2) the employer took some adverse employment action against the employee; and (3) there is a causal link between the protected activity and the adverse action. *Lodis v. Corbis Holdings, Inc.,* 172 Wn. App. 835, 846, 292 P.3d 779, 786 (2013). To show that Mesmer engaged in a "statutorily protected activity," he "need only prove that [his] complaints went to conduct that was at least arguably a violation of the law." *Estevez v. Faculty Club of Univ. of Washington*, 129 Wn. App. 774, 798, 120 P.3d 579, 590 (2005).

Mesmer fails to plead sufficient facts to state a claim for relief that is plausible on its face. He did engage in a statutorily protected activity, which involved him complaining to his supervisor about the sexual advances made by another employee, *see id.* (concluding that employee complaints to a supervisor may constitute a statutorily protected activity), and Charter did, in fact, terminate Mesmer's employment. What remains unfulfilled, however, is the casual link.

Mesmer fails to allege a casual nexus between the alleged complaint of sexual harassment to April Moudy and his termination. Mesmer alleges that he complained about the sexual advances, but he fails to list details of that conversation, which could demonstrate a nexus, or provide the date on which the complaint was made. If a date is provided that could better link the complaint to his termination, as is the case with Mesmer's claim of discrimination, his claim may be plausible. Under the facts currently pled, however, the court cannot plausibly infer a causal link between complaints made to a supervisor on some random day and Mesmer's eventual firing. Consequently, this claim of retaliation is dismissed if an amended complaint is not filed.

### IV. CONCLUSION

Charter's motion to dismiss is **GRANTED** in part and **DENIED** in part. Mesmer is granted **fifteen (15) days** to file an amended complaint that cures the deficiencies. If he does not do so, the specified claims will be dismissed without prejudice.

Dated this 12th day of February, 2015.

Ronald B. Leighton
United States District Judge