HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY MESMER,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware Corporation; CHARTER COMMUNICATIONS, LLC, a Delaware Limited Liability Company; and CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, a Delaware Limited Liability Company,<br><br>  Defendants. | CASE NO. 14-CV-5915-RBL<br><br>ORDER DENYING MOTION TO DISMISS<br><br>[DKT. #21] |

## I.   INTRODUCTION

THIS MATTER is before the Court on Defendant's Motion to Dismiss. [Dkt. #21] Plaintiff Gary Mesmer worked for Defendant Charter Communications, Inc. for approximately six years as a Correspondence Coordinator. While working at Charter, he claims to have suffered from Post Traumatic Stress Disorder with ancillary symptoms of anxiety, panic attacks, and heart palpitations. Mesmer alleges that Charter failed to accommodate his disability, subjected him to

1 sexual harassment, and then willfully violated his FMLA rights by firing him for attempting to
2 take medical leave.

3       On October 23, 2014, Mesmer filed a Complaint alleging that he was terminated for
4 discriminatory and retaliatory reasons related to his disability. He specifically alleged that
5 Charter: (1) interfered with his leave under the FMLA; (2) retaliated in violation of the FMLA;
6 (3) interfered with his leave under the WFLA; (4) retaliated in violation of the WFLA; (5) failed
7 to accommodate under the WLAD; and (6) discriminated against his disability in violation of the
8 WLAD. Charter moved to dismiss.

9       Mesmer was granted leave to amend his Complaint to include additional facts to support
10 his claims and to cure any pleading deficiencies. In his First Amended Complaint, Mesmer
11 withdrew his FMLA and WFLA retaliation claims and added a sexual harassment claim. Charter
12 filed a Motion to Dismiss the FMLA interference claim, failure to accommodate claim, and
13 sexual harassment claim pursuant to FRCP 12(b)(6).

14       Charter argues that Mesmer's FMLA claims are time barred under the two-year statute of
15 limitations unless a willful violation can be established to extend the limitation to three years.
16 For the WLAD failure to accommodate claim, Charter contends that Mesmer failed to allege that
17 his disability substantially limited his ability to perform his job functions. Finally, Charter argues
18 that Mesmer failed to plead sufficient facts to support his WLAD sexual harassment claim.

19       Mesmer claims that he has alleged sufficient facts to support all of his claims. Regarding
20 Charter's willful interference with leave and failure to accommodate claims, he contends that
21 Charter was aware of its legal obligations under the FMLA and WLAD, of the existence of his
22 disability, and of the disability's substantially limiting effect on his ability to perform his duties.
23 Mesmer argues that these facts show a willful violation of the FMLA and that his disability
24

warranted reasonable accommodation by Charter under the WLAD. Mesmer also contends that the First Amended Complaint includes facts pled to support a plausible claim of sexual harassment under the WLAD.

## II. BACKGROUND

According to the First Amended Complaint, Mesmer was employed by Charter from October 10, 2005, until December 11, 2013. At some point during his employment, a male co-worker, Pedro Sena, made "numerous unwanted sexual advances," including an invitation to view "European pornography" at his home. Mesmer informed his supervisor, April Moudy, of the advances and asked to be assigned a different workstation. He claimed that interacting with Sena caused him anxiety and exacerbated his PTSD. Moudy denied his request unless he "could find another employee willing to sit next to Sena."

On November 30, 2011, Moudy told Mesmer that she was "tired of walking on eggshells around him because of his disability." Two days later, Mesmer allegedly told Moudy's supervisor, Lola Bozovisch, that Moudy had denied his request for reasonable accommodation and had failed to protect him from sexual harassment. Mesmer told Bozovisch that he would be seeking FMLA leave. Later that same day, Mesmer contacted Human Resources and requested the necessary paperwork to request medical leave. Mesmer was directed to Charter's intranet to obtain the necessary documents. Mesmer did not access the FMLA forms, however, either due to time constraints or an inability to locate the forms.

On December 5, 2011, Mesmer received a verbal warning regarding his attendance. Also on that day, Mesmer claims that he suffered severe anxiety symptoms during his shift requiring him to take numerous breaks throughout the day. Mesmer informed his supervisor of his symptoms, but he was not provided with any form of accommodation or leave. The following

day, Mesmer explained to the call center director, Scott Carroll, and to Bozovisch that he had needed numerous breaks to manage his panic attacks, a symptom of PTSD. Mesmer was accused of deliberately disconnecting 38 calls to shorten his call times to which he responded as necessary due to his panic attacks. Mesmer was fired four days later in a meeting with Carroll, Bozovisch, and Moudy. That meeting allegedly caused another anxiety attack.

On October 23, 2014, Mesmer filed a complaint in Clark County Superior Court alleging discriminatory and retaliatory termination. The case was removed to this Court, and Charter filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Mesmer was granted leave to amend his Complaint to plead additional facts. Charter then filed this Motion to Dismiss Mesmer's FMLA interference claim, failure to accommodate claim, and sexual harassment claim pursuant to FRCP 12(b)(6).

### III.   DISCUSSION

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Aschcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Love v.*

1  *United States,* 915 F.2d 1242, 1245 (9th Cir.1990) (internal quotation marks and citation
2  omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-
3  harmed-me-accusation." *Iqbal,* 556 U.S. at 677 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544
4  (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
5  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
6  of action will not do. Factual allegations must be enough to raise a right to relief above the
7  speculative level." *Twombly,* 550 U.S. at 555 (citations and footnotes omitted).

**A.    Discrimination Under the FMLA—Willful Interference**

Mesmer alleges that Charter willfully interfered with his ability to take FMLA leave by firing him before he could make a formal request. Charter argues that Mesmer has failed to state a plausible claim of a willful violation of the FMLA and, therefore, his claim is barred under the two-year statute of limitations. The issue is whether Mesmer's FMLA claim is subject to the two-year or three-year statute of limitations.

The general limitations period for an FMLA claim is two years "after the date of the last event constituting the alleged violation." 29 U.S.C. § 2617(c)(1). Where a violation is willful, however, the limitation period is extended to three years. 29 U.S.C. § 2617(c)(2). Courts have looked to the Supreme Court's definition of "willful" as applied in the context of the Fair Labor Standards Act ('FLSA') to analyze willful violations of the FMLA. *Shulman v. Amazon.com, Inc.,* No. C13-247RSM, 2013 WL 2403256, at *2 (W.D. Wash., May 30, 2013). Under the FLSA, an employer acts "willfully" when he or she "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation . . . its action is not willful." *Id.* at 135 n.13. An employee is only

1  required to give notice of a need for leave and it is the employer who must inquire into whether
2  the leave is due to a serious medical condition covered under FMLA protection. *Bachelder v.*
3  *Am. W. Airlines, Inc.,* 259 F.3d 1112, 1131 (9th Cir. 2001).

4  In his First Amended Complaint, Mesmer alleges Charter: (1) denied access to FMLA
5  leave request forms; (2) disciplined him for attendance after a verbal request for leave; (3) denied
6  time off for having a difficult time at work; and (4) terminated him for work performance within
7  a week of his intent to take leave. First Amended Complaint at ¶ 48.

8  By his own admission, Mesmer acknowledges that he failed to access the FMLA forms
9  either due to time constraints or because he could not find the forms. *Id.* at ¶¶ 38–40. However,
10 Mesmer only needed to provide notice of an intent to take leave. *See Bachelder,* 259 F.3d at
11 1131. This notice was provided to Bozovich on December 2, 2011. First Amended Complaint at
12 ¶ 37. Three days after this notice, Mesmer experienced a period of severe PTSD symptoms
13 requiring multiple emergency breaks and 38 disconnected calls. Bozovich and Carroll accused
14 Mesmer of deliberately disconnecting the calls. He was fired four days later.

15 Taken as true, the facts pleaded by Mesmer allow a reasonable inference that Charter
16 violated his rights to exercise leave under the FMLA and retaliated. Whether Charter willfully
17 violated these rights invoking the three-year statute of limitations cannot be determined at this
18 stage. Charter's Motion to Dismiss the willful violation of the FMLA claim is **DENIED**.

19 **B.    Discrimination under WLAD—Failure to Accommodate**

20 Mesmer alleges that his PTSD substantially limited his ability to perform his job duties.
21 He further alleges that he requested accommodation and that Charter denied his request. Charter
22 argues that Mesmer merely pleads conclusory allegations, has failed to plead facts supporting a
23
24

*prima facie* case of failure to accommodate, and has failed to explain how his PTSD had a substantially limiting effect on performing his job duties as a Correspondence Coordinator.

It is not necessary that a plaintiff prove a *prima facie* case in a pleading because that "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510 (2002) (emphasis added).

It is an unfair practice for an employer to refuse to hire, discharge, or discriminate based on a person's sensory, mental, or physical disability. RCW 49.60.180. An employer discriminates against a disabled employee if it fails to take steps "reasonably necessary to accommodate an employee's condition" without a showing of undue burden. *Riehl v. Foodmaker, Inc.,* 94 P.3d 930 (Wash. 2004) (quoting *Doe v. Boeing Co.,* 846 P.2d 531 (Wash. 1993)). To qualify for reasonable accommodations, the employee must have an impairment that substantially limits his ability to perform the job or the employer must have notice of an impairment and medical documentation establishing "a reasonable likelihood that engaging in job functions without an accommodation would aggravate the impairment to the extent that it would create a substantially limiting effect." RCW 49.60.040(25)(d)(ii). "Generally, whether an employer made reasonable accommodation or whether the employee's request placed an undue burden on the employer are questions of fact for the jury." *Pulcino v. Fed. Express Corp.,* 639 P.3d 787 (Wash. 2000) (Citing *Snyder v. Medical Serv. Corp.,* 988 P.2d 1023, 1030 (Wash. Ct. App. 1999)).

"Substantially limited" means "[u]nable to perform a major life activity that the average person in the general population can perform." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 195–197 (2002). "Major life activities" are "those activities that are of central importance to daily life" like "walking, seeing and hearing." *Id.*; *See* 29 CFR § 1630.2(j)(1)(i)-(ii). The central inquiry in establishing the existence of a substantial limitation is whether an

employee is able to perform tasks central to daily life and not those associated with his specific job duties. *Toyota Motor,* 534 U.S. at 200.

Mesmer has pleaded sufficient facts to support his claim that his disability had a substantially limiting effect on his ability to perform his job functions requiring accommodation. In his First Amended Complaint, Mesmer alleges: (1) his disability substantially limited his ability to perform his job duties; (2) Charter was aware of his disability; (3) his disability required time off on occasion to manage symptoms; (4) his PTSD symptoms were exacerbated by a co-worker; and (5) Charter failed to reasonably accommodate by denying a reassignment of workstation. First Amended Complaint at ¶¶ 55–64.

Charter mistakenly applies a higher pleading standard to establish a substantially limiting disability than is required in its Motion to Dismiss. *See Swierkiewicz,* 534 U.S. at 510. Mesmer may have not detailed how his co-worker's harassment substantially limited his ability to perform his job functions. However, the previous approval of FMLA leave by Charter and Mesmer's Certification of Healthcare Provider would lend credence to a plausible claim that his PTSD was substantially limiting. *See Id.* at ¶¶ 21–22. Nevertheless, when taking the facts pleaded as true, this Court can reasonably infer that Mesmer's disability substantially limited his ability to perform his job duties. Whether his disability is one which substantially limits his ability to perform tasks of central importance to life is to be determined by a trier of fact and not by this Court at the pleading stage. Charter's Motion to Dismiss the failure to accommodate claim is **DENIED**.

C.      **Discrimination under WLAD—Sex Discrimination**

Mesmer alleges that he made several complaints of sexual harassment by a co-worker to Charter and no remedial measures were taken to prevent further sexual harassment. Charter

1  argues that Mesmer failed to plead a plausible claim by omitting detailed facts related to the
2  content, date, and frequency of the alleged sexual harassment.
3        It is unlawful for an employer to "discriminate against any person in compensation or in
4  other terms or conditions of employment because of [] sex. . . ." RCW 49.60.180(3). Sexual
5  harassment in the form of a hostile work environment constitutes sex discrimination. *Meritor*
6  *Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 64 (1986); *see also DeWater v. State,* 921 P.2d 1059
7  (Wash. 1996) (characterizing sexual harassment claims as either 'quid pro quo harassment' or
8  'hostile work environment' claims). A sexual harassment claim involves: (1) unwelcome
9  harassment; that is (2) because of sex; (3) affects the terms and conditions of employment; and
10 (4) is imputable to the employer. *Glasgow v. Georgia-Pacific Corp.,* 693 P.2d 708, 711–712
11 (Wash. 1985).
12       A sexually objectionable environment affecting the terms and conditions of employment
13 "must be both objectively and subjectively offensive, one that a reasonable person would find
14 hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca*
15 *Raton,* 524 U.S. 775, 787 (1998) (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21–22
16 (1993)). Whether the harassment at the work place is sufficiently offensive is a question to be
17 determined with regard to the totality of the circumstances. *Glasgow,* 693 P.2d at 712.
18 Employers may be held liable on account of actual knowledge and inaction of a sufficiently
19 harassing action by co-workers which "may be seen as demonstrable negligence, or as the
20 employer's adoption of the offending conduct and its results, quite as if they had been authorized
21 affirmatively as the employer's policy." *Faragher,* 524 U.S. at 789.
22       Once an employer becomes aware of co-worker's sexual harassment, the employer must
23 take adequate remedial measures in order to avoid liability for the harassment. An employer is
24

liable for a co-worker's sexual harassment only if, after the employer learns of the alleged conduct, he fails to take adequate remedial measures. *Fuller v. City of Oakland,* 47 F.3d 1522, 1528 (9th Cir. 1995) (citing *Ellison v. Brady,* 924 F.2d 872, 882 (9th Cir.1991)). "These measures must include immediate and corrective action reasonably calculated: (1) to end the current harassment; and (2) to deter future harassment from the same offender or others." *Id.* Failing to "take even the mildest form of disciplinary action" renders the remedy insufficient. *Ellison v. Brady,* 924 F.2d 872, 882 (9th Cir.1991). The adequacy of the employer's response depends on the seriousness of the sexual harassment. *Id.*

Here, Mesmer has pleaded sufficient facts to support his claim for relief under WLAD for sexual harassment. In his First Amended Complaint, Mesmer alleges: (1) a co-worker made numerous unwanted sexual advances including a specific invitation to "view European pornography" at his home; (2) that the co-worker told him "not to knock homosexuality until he had tried it"; (3) that he notified both his supervisor, Moudy, and her supervisor, Bozovich, of the incidents; and (4) no remedial measures were taken to resolve the sexual harassment. First Amended Complaint at ¶¶ 29–30; *Id.* at ¶ 37. Charter contends that Mesmer must plead the specific dates, substance, and frequency of the harassment to survive a 12(b)(6) Motion to Dismiss. (Dkt. # 21, at 11.) Charter is mistaken. Taking the facts as true, this Court can reasonably infer that Charter was notified of sexual harassment by a co-worker and failed to take any action. It is, therefore, plausible that Charter engaged in sex discrimination against Mesmer in violation of the WLAD, RCW 49.60.180. Charter's Motion to Dismiss the fifth claim is **DENIED**.

1 **CONCLUSION**

2 For the reasons stated above, Charter's Motion to Dismiss the willful violation of the

3 FMLA, failure to accommodate, and sex harassment claims pursuant to FRCP 12(b)(6) (Dkt.

4 #21) is **DENIED**.

5 Dated this 11th day of June, 2015.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE